# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDDIE McCLENTON,**

    **Plaintiff,**

    **v.**                                                                                  Case No. 14-CV-1243

**KATIE MEARS and**
**WISCONSIN DEPARTMENT OF CORRECTIONS,**

    **Defendants.**

## ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND MOTION TO APPOINT COUNSEL

On October 6, 2014, the plaintiff, Eddie McClenton ("McClenton"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the defendants Katie Mears and the Wisconsin Department of Corrections ("DOC"). McClenton challenges the constitutionality of the State's condition that he submit to the permanent attachment of a Global Positioning System ("GPS") under Wis. Stat. § 301.48. This matter comes before me on McClenton's motion for leave to proceed *in forma pauperis* and motion to appoint counsel. For the reasons stated below, McClenton's motion for leave to proceed *in forma pauperis* is granted as to defendant Katie Mears. However, as an immune defendant, the Wisconsin DOC is dismissed from the suit. Finally, McClenton's motion to appoint counsel is denied.

### ALLEGATIONS OF FACT

In his affidavit, McClenton states that he is not married and has no dependents. (Docket # 2 at 2.) He owns no real property or other valuable property and has no bank accounts or other intangible property such as stocks, bonds, trusts, or retirement accounts. (*Id.* at 3-4.) McClenton

states that he receives an average monthly net income of $900[1] with an expected income of $800 next month. (*Id.* at 2.) He owns a vehicle valued at approximately $3,000. (*Id.* at 3.) McClenton states his monthly expenses total $900, which includes $590 per month in rent and $35 per month for his cell phone. (*Id.* at 4-5.) McClenton states that he is currently unemployed but is looking for work. (*Id.* at 5.) He supports himself by doing home repair for those who cannot hire a professional. (*Id.*)

In his complaint, McClenton alleges that in 1985 he was convicted for false imprisonment and sentenced to two years in prison. (Docket # 1 at 3.) Then, in 1993, McClenton was convicted of second degree sexual assault of a child and sentenced to eight years in prison. (*Id.*) Following his release from prison, he was on parole until December 2009. (*Id.*) In 2012, McClenton was placed on permanent GPS tracking under Wis. Stat. § 301.48 and continues to be monitored by the device at present. (*Id.*) McClenton alleges that his placement on permanent GPS tracking is in violation of Wisconsin law and that he was denied a hearing prior to his placement on permanent GPS tracking. (*Id.*) McClenton seeks to enjoin the Department of Corrections and Katie Mears from continuing to track him through GPS.

**DISCUSSION**

The federal *in forma pauperis statute*, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine whether the litigant

---

[1] Plaintiff's affidavit states that his monthly income is $9,000. Given that McClenton also states that he is unemployed, I will assume that this is a typographical error and that plaintiff either meant to write his monthly income was $900, or that his total yearly income is $9,000.

is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In making the latter determination, the court must give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court must dismiss the complaint if, even under a liberal construction, it is legally frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Based on McClenton's financial statement summarized above, I am satisfied that he is indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether McClenton's claim is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). McClenton's complaint, liberally

construed, challenges the authority of the Wisconsin Department of Corrections and Katie Mears under the United States Constitution to compel him to wear a GPS tracking device and submit to continued restrictions on his freedom of movement for the rest of his life, even though he was discharged from parole in 2009. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Requiring a person to continuously wear a GPS tracking device is clearly an infringement on one's personal liberty. "Freedom from physical restraint 'has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action.'" *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997) (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Further, the Wisconsin Legislature enacted § 301.48 in 2008 while McClenton was on parole for a 1993 conviction. The DOC placed the tracking device to him in 2012, three years after he was released from parole. To punish him further for that crime based on a statute enacted after he committed it may violate the Ex Post Facto Clause of Article I, § 10, c. 1, of the Constitution, and the Due Process Clause of § 1 of the Fourteenth Amendment. *See Smith v. Doe*, 538 U.S. 84, 97 (2003). Even enactments that are intended solely for the protection of the public will be found punitive and a violation of rights protected by the Constitution if "the statutory scheme is so punitive either in purpose or effect as to negate the State's intention to deem it civil." *Id.* at 92 (internal quotation and brackets omitted). Thus, construing McClenton's complaint liberally, he states a claim for relief under § 1983.

Regarding the immunity of the defendants, McClenton brings his complaint against Katie Mears, who he states is "the head of GPS," and the Wisconsin Department of Corrections. (Docket

- 4 -

Case 2:14-cv-01243-JPS Filed 11/03/14 Page 4 of 7 Document 5

# 1 at 3.) McClenton does not seek money damages against either defendant. However, as an entity of the State, the Wisconsin Department of Corrections is immune from suit by virtue of the Eleventh Amendment, regardless of the type of relief sought. *Brunken v. Lance*, 807 F.2d 1325, 1329 (7th Cir. 1986). By contrast, under *Ex Parte Young*, 209 U.S. 123 (1908), the Eleventh Amendment does not bar a citizen from seeking injunctive or declaratory relief against a state official "to conform [his] future conduct to the requirements of federal law." *Brunken*, 807 F.2d at 1329 (internal citations omitted). Thus, McClenton will be permitted to pursue his claims against Katie Mears. However, the Wisconsin Department of Corrections will be dismissed from the suit.

## MOTION TO APPOINT COUNSEL

McClenton also asks that the Court appoint an attorney to represent him. Civil litigants have neither a statutory nor a constitutional right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). However, an indigent civil litigant may ask the district court to request an attorney to represent him *pro bono*. See 28 U.S.C. § 1915(e)(1) (in proceedings *in forma pauperis*, "[t]he court may request an attorney to represent any person unable to afford counsel"). To be clear, the court's discretionary authority is to recruit a lawyer to represent an indigent civil litigant *pro bono*, but not to make "coercive appointments of counsel." *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). When a party asks the court to recruit a volunteer lawyer in a civil case, the district court must inquire as to whether (1) the indigent party has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so; and (2) the indigent party appears competent to litigate the case himself, taking into account the difficulty of the case. *Id.* at 654. On the second part of this inquiry, the question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff. "[I]f that were the test, 'district judges would be required to

request counsel for every indigent litigant.'" *Id.* at 655 (internal citations omitted). Rather, the question is whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. *Id.*

As an initial matter, McClenton has not shown that he made a reasonable attempt to obtain counsel. Thus, McClenton's motion to appoint counsel is denied. However, McClenton will be given another opportunity to demonstrate his attempts to contact at least three attorneys regarding representation. McClenton must provide the Court with the names and addresses of those attorneys to show that he made a reasonable attempt to obtain legal counsel. Upon making this showing, the Court will then decide whether McClenton is competent to litigate the case himself.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's Motion to Proceed *in forma pauperis* (Docket # 2) as to defendant Katie Mears is **GRANTED** and plaintiff's Motion to Proceed *in forma pauperis* as to defendant Wisconsin Department of Corrections is **DENIED**. The Wisconsin Department of Corrections is dismissed from the suit.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 4) is **DENIED**.

Dated at Milwaukee, Wisconsin this 3rd day of November, 2014.

> BY THE COURT
>
> s/*Nancy Joseph*
> NANCY JOSEPH
> United States Magistrate Judge