# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDDIE McCLENTON,**

　　**Plaintiff,**

　v.　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 14-CV-1243

**KATIE MEARS,**

　　**Defendant.**

## ORDER ON PLAINTIFF'S MOTION TO APPOINT COUNSEL

　　The plaintiff, Eddie McClenton ("McClenton"), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the defendant Katie Mears challenging the constitutionality of the State's condition that he submit to the permanent attachment of a Global Positioning System ("GPS") under Wis. Stat. § 301.48. McClenton previously moved for the appointment of counsel, which the Court denied because McClenton failed to show that he made a reasonable attempt to obtain counsel. (Docket # 5.) McClenton has renewed his motion to appoint counsel and has now demonstrated that he made a reasonable attempt to obtain counsel by providing the names and addresses of three attorneys he contacted to take his case. I must now address whether McClenton appears competent to litigate the case himself, taking into account the difficulty of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

　　The assessment of a *pro se* litigant's competence to represent himself requires consideration of two intertwined inquiries: "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. "[T]he question is whether the difficulty of the case—factually and

legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* McClenton's complaint regarding the permanent attachment of a GPS raises colorable claims under the Ex Post Facto Clause and the Due Process Clause regarding the application of Wis. Stat. § 301.48 to him. However, it is clear from McClenton's inability to articulate the legal basis of his claims in his complaint that the complexity of these legal issues exceeds his capacity as a layperson. As such, the Court will recruit a lawyer to represent McClenton *pro bono*.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to appoint counsel (Docket # 8) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 11th day of December, 2014.

BY THE COURT

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge