IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

EDDIE McCLENTON,

      Plaintiff,

      v.                            Case No. 14-C-1243

KATIE MEARS,

      Defendant.

## MOTION FOR JUDGMENT ON THE PLEADINGS
## AND BRIEF IN SUPPORT

## MOTION

Defendant moves for a judgment on the pleadings under Fed. R. Civ. P. 12(c). Even taking all the allegations in the complaint as true, Plaintiff has not stated a claim that invokes this Court's jurisdiction.

## BRIEF

### I.    Introduction.

Plaintiff has a single complaint: that he was placed on lifetime GPS monitoring contrary to state law. He claims that a person must have two or more sex offenses in order to be placed on lifetime GPS monitoring, but, according to Plaintiff, he only has one. Plaintiff asks this Court for a hearing so that he can prove to the Court that he only has one sex offense, not two.

Then, according to Plaintiff, the Court will realize that he should not be on lifetime GPS monitoring, and will order the Department of Corrections ("DOC") to comply with state law. Plaintiff makes no other claims.

While it is recognized that *pro se* litigants are entitled to some level of latitude in their pleading, they must still invoke this Court's jurisdiction. Plaintiff has not. He has challenged the *qualifications* for lifetime GPS monitoring under state law, not the *constitutionality* of lifetime GPS monitoring under federal law.

This is a state matter, not a federal matter. No arguable source of federal jurisdiction exists, and so this case should be dismissed.

## II.    Facts.

According to the complaint, Plaintiff was discharged from parole on December 21, 2009. (Compl. ¶ 1.) And in 2012, he was placed on lifetime GPS monitoring. (*Id.* ¶ 2.)

Plaintiff claims that according to state law, a person must have two or more sex offenses in order to qualify for this type of monitoring. (*Id.* ¶ 4.) Yet despite the fact that he only has one sexual-assault offense, Plaintiff finds himself monitored by DOC. (*Id.* ¶ 3.)

The genesis of this dispute apparently stems from Plaintiff's 1985 conviction for false imprisonment. (*Id.* ¶ 5.) Plaintiff says that DOC considers this "the same as a sex case." (*Id.* ¶ 7.) If his false-imprisonment conviction

were expunged, then DOC would remove his GPS monitoring, according to Plaintiff. (*Id.* ¶ 11.)

In any event, Plaintiff disagrees with DOC, claiming that his "records and criminal convictions will show that I have only one sex offense." (*Id.* ¶ 8.) This fact would have apparently been cleared up had he been given a hearing upon release from parole. (*Id.* ¶¶ 3, 10.)

Plaintiff's requests for relief are simple and straightforward. He asks for the following:

- an order requiring DOC to release him from lifetime GPS monitoring;

- an order taking him off GPS while this case is pending;

- a hearing so that he can prove he only has one relevant conviction;

- waiver of court costs, filing fee, and the appointment of a lawyer.

(*Id.* § IV at 6.)

### III. Argument.

Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *See* Fed. R. Civ. P. 12(c). Like Rule 12(b) motions, courts grant a Rule 12(c) motion if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993) (quotations omitted). So to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved, but courts should not

- 3 -

"ignore any facts set forth in the complaint that undermine the plaintiff's claim." *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). And when reviewing the complaint, a district court should draw on its judicial experience to determine whether a complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

There is no such plausible claim for relief in this case because Plaintiff has not invoked this Court's subject-matter jurisdiction. The only possible candidate for jurisdiction, since the parties are obviously not diverse, is federal-question jurisdiction. But "federal questions must be disclosed upon the face of the complaint, unaided by the answer." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974) (quotations omitted).

What federal questions exist? None, on the face of the complaint. The claim is purely based on state law. Plaintiff claims that he should not be on lifetime GPS monitoring—not because the statute is unconstitutional or that it is being applied to him in an unconstitutional manner, but because he simply does not qualify under the state statute.

While it is certainly true that *pro se* complaints must be "liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), federal causes of action cannot be simply imagined. "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that

- 4 -

might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Plaintiff's complaint does not assert a claim under Section 1983. No state action has deprived Plaintiff of "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To the contrary, Plaintiff claims that he is injured because state law is being inappropriately applied. But "a violation of state law . . . is not a denial of due process, even if the state law confers a procedural right." *Osteen v. Henley*, 13 F.3d 221, 225 (7th Cir. 1993).

Since no federal question exists for this Court to adjudicate, jurisdiction is absent.

## IV.    Conclusion.

Plaintiff may have a claim. He may be on GPS tracking contrary to state law. It is possible. But this Court is a court of limited jurisdiction and quite simply does not have the authority to monitor Wisconsin's compliance with Wisconsin state law. Judgment in favor of Defendant is a simple acknowledgment of the federal judiciary's limited power in our federal system. State law violations should be left to other state forums, and not addressed in a U.S. District Court.

- 5 -

For these reasons, Defendant is entitled to a judgment as a matter of law, holding that Plaintiff has failed to invoke this Court's subject-matter jurisdiction.

Dated this 30th day of January, 2015.

Respectfully submitted,

BRAD D. SCHIMEL
Attorney General

s/Daniel P. Lennington
DANIEL P. LENNINGTON
Assistant Attorney General
State Bar #1088694

Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-8901
(608) 267-2223 (Fax)
*lenningtondp@doj.state.wi.us*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2015, I electronically filed defendant's Motion for Judgment on the Pleadings and Brief in Support using the ECF system. I hereby certify that a copy of the document was mailed to plaintiff at the address below:

**Eddie McClenton**
**1452 North 37th Street**
**Milwaukee, WI 53208**

s/Daniel P. Lennington
DANIEL P. LENNINGTON
